IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TYRONE DAVIS SMITH,

                                                                   OPINION AND ORDER

                 Petitioner,

                                                               17-cv-49-bbc

       v.

STATE OF WISCONSIN COURT OF APPEALS,
DISTRICT ONE,[1]

                 Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Tyrone Davis Smith, who is currently incarcerated at the Fox Lake Correctional Institution in Fox Lake, Wisconsin, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, in which he challenges his 2007 conviction for first degree sexual assault of a child in the Circuit Court for Milwaukee County. He also has asked the court for assistance in the appointment of counsel. Dkt. #8. Petitioner is proceeding pro se and has paid the $5 filing fee, so his petition is ready for screening. Under Rule 4 of the Rules Governing Section 2254 Cases, I must dismiss the petition if it plainly appears from the petition and any attached exhibits that petitioner is not entitled to relief. Rule 1(b), Rules Governing Section 2254 Cases (Rule 4 also applicable to habeas petitions not brought

---

[1] Although Rule 2(a) of the Rules Governing Section 2254 Cases states that the proper respondent should be the official having custody over petitioner, I have not revised the caption to reflect the proper respondent because I am dismissing the petition.

1

under § 2254). Because petitioner has invoked the wrong statute, his petition will be dismissed and his motion for appointment of counsel will be denied.

OPINION

The correct vehicle for a state prisoner seeking relief from a state court conviction is 28 U.S.C. § 2254, which "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." Heck v. Humphrey, 512 U.S. 477, 481 (1994). See also Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000) ("[Section] 2254 [is] the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254."). I will not automatically re-characterize the petition as being brought pursuant to § 2254 because that statute contains a strict limit on the number of § 2254 petitions an inmate may file, and re-characterizing the petition may make it significantly more difficult for a litigant to file another motion. Castro v. United States, 540 U.S. 375, 382-83 (2003); 28 U.S.C. § 2244(b)(1) (claim presented in second or successive § 2254 application that was presented in prior application shall be dismissed). This is particularly important in petitioner's case because he alleges that he filed a § 2254 petition in the U.S. District Court for the Eastern District of Wisconsin in 2009. Federal court records available electronically also show that petitioner has a § 2241 petition pending in that court.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a defendant. A certificate of appealability is not required to appeal from a properly filed motion under § 2241. Behr v. Ramsey, 230 F.3d 268, 270 (7th Cir. 2000) ("no certificate of appealability is required in proper § 2241 cases like this one"). However, because the petition in this case could be interpreted as an untimely or successive petition under § 2254, I will address the issue of the certificate of appealability.

To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. In this case, there is no question that petitioner cannot proceed under § 2241. Accordingly, I will not issue a certificate of appealability.

ORDER

IT IS ORDERED that

1. The petition for a writ of habeas corpus filed by petitioner Tyrone Davis Smith,

dkt. #1, is DISMISSED.

2. Petitioner is DENIED a certificate of appealability.

3. Petitioner's motion for the appointment of counsel, dkt. #8, is DENIED.

4. The clerk of court is directed to enter judgment for respondent and close this case.

Entered this 22d day of May, 2017.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge