IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TYRONE DAVIS SMITH,

                              OPINION AND ORDER

          Petitioner,

                              17-cv-49-bbc

    v.

STATE OF WISCONSIN COURT OF APPEALS,
DISTRICT ONE,

         Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered on May 22, 2017, I dismissed the petition for a writ of habeas corpus that petitioner Tyrone Davis Smith filed under 28 U.S.C. § 2241, challenging his 2007 conviction in the Circuit Court for Milwaukee County for first degree sexual assault of a child, because § 2254 is the exclusive remedy for a state prisoner challenging the fact or duration of his confinement.  Dkt. #12.  Now before the court is petitioner's motion under Fed. R. Civ. P. 59(e) to reconsider that ruling.  Dkt. #14.

      To prevail on a motion for reconsideration under Rule 59, a petitioner must present newly discovered material evidence or establish a manifest error of law or fact.  Oto v. Metropolitan Life Insurance Co., 224 F.3d 601, 606 (7th Cir. 2000).  Petitioner has done neither and instead repeats many of the allegations made in his petition concerning the failure of his appellate counsel to raise "meritorious" issues on the direct appeal of his

1

conviction. Because petitioner's challenges to the evidence presented at trial and his allegations that his appellate counsel was ineffective for failing to raise those challenges on appeal affect the fact or duration of his custody, they must be brought under § 2254, and not § 2241.

Although petitioner asks that he be allowed to challenge the fact and duration of his confinement under § 2241, based on the holding in Coady v. Vaughn, 251 F.3d 480 (3d Cir. 2001), that case does not support petitioner's argument. In Vaughn, the Court of Appeals for the Third Circuit held that a petitioner challenging the execution of his state sentence must rely on § 2254 and not § 2241. Id. at 485. Petitioner has not cited any other authority to support his request. Accordingly, petitioner's motion for reconsideration will be denied.

ORDER

IT IS ORDERED that the motion for reconsideration filed by petitioner Tyrone Davis Smith under Rule 59(e), dkt. #14, is DENIED.

Entered this 21st day of July, 2017.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge